# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 31, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SHELLY PLESCIA, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1472V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 11, 2018, Shelly Plescia ("Petitioner") filed a motion for attorney's fees and costs. Petitioner's Motion for Attorney's Fees ("Fees App.") (ECF No. 57). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorney's fees and costs and awards a total of $30,971.70.

I.  **Procedural History**

On December 4, 2015, Shelly Plescia filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner filed an amended petition on October 1, 2014, which alleged that she suffered from a left-shoulder injury as a result of an influenza vaccine administered on or about October 10, 2014. Amended Petition at Preamble; Stipulation at

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

¶ 4. On August 6, 2018, the parties filed a joint stipulation awarding compensation, which I adopted as my Decision on the same day. ECF No. 52.

On September 11, 2018, Petitioner filed a motion for attorney's fees and costs. Petitioner requests compensation for her attorney, Mr. Maximillian Muller, in the total amount of $33,084.45, representing $25,864.40 in attorney and paralegal fees and $7,220.05 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner indicates that she has not advanced any funds in the prosecution of her claim as all expenses have been incurred by the attorney of record. *Id.*

Respondent reacted to the fees motion on September 25, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 57). Petitioner did not file a reply. Accordingly, the matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioners in this case were awarded compensation pursuant to a stipulation, and therefore they are entitled to an award of reasonable attorney's fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following rates of compensation for work performed by her attorney, Mr. Muller: $255.00 per hour for work performed in 2015, $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, and $317.00 per hour for work performed in 2018. Fees App. at 1. Petitioner also requests that paralegals who worked on this case be compensated at $125.00 per hour for work performed from 2015-2017, and at $150.00 per hour for work performed in 2018. *Id.* I have recently considered Mr. Muller's rates and found them to be reasonable and within the appropriate hourly rate ranges I established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) for an attorney of his experience. *Lee v. Sec'y of Health & Human Servs.*, No. 15-823V, 2018 WL 4403970, at *1 (Fed. Cl. Spec. Mstr. Aug. 22, 2018). Accordingly, no adjustment to the requested rates is necessary.

I have reviewed the billing records submitted with Petitioners' motion. The billing entries

for Mr. Muller appear to be largely reasonable, as they reflect the nature of each task performed, the amount of time expended, and the hours billed, in my experience, appear to be reasonable. The one exception is an entry on June 5, 2015, for which Mr. Muller billed 0.4 hours for "Open client file." Fees App. at 4. It is unclear what task Mr. Muller was performing here, as separate entries from the same day bill time for review of client forms and preparing a memorandum for the file. *Id.* Accordingly, this task will not be reimbursed, resulting in a reduction of $102.00.

More troubling are the billing entries of the two paralegals who worked on this case. With one exception, the paralegals did not bill a single task at less than 0.2 hours. It is well-established that billing in minimum increments greater than 0.1 hours is not permissible in the Vaccine Program. *See McMurty v. Sec'y of Health & Human Servs.*, No. 15-405V, 2018 WL 5276700, at *3 (Fed. Cl. Spec. Mstr. Sept. 26, 2018) (finding 0.2 hours to be an unreasonable minimum billing time); *Yang v. Sec'y of Health & Human Servs.*, No. 10-33V, 2013 WL 4875120, at *5 (Fed. Cl. Spec. Mstr. Aug. 22, 2013). For example, the paralegals routinely billed a minimum of 0.2 hours (and up to 0.4 hours) to file documents via CMECF, a task which is typically billed for 0.1 hours, if at all. Fees App. at 8-9. Additionally, while it is not unreasonable to expect some correspondence to take at least 0.2 hours, it is exceedingly unlikely that <u>all</u> correspondence done by the paralegals, whether by e-mail or telephone, took a minimum of 0.2 hours. Accordingly, I will reduce the amount awarded for paralegal work by 30%. The billing records indicate that the total amount billed by paralegals is $2,702.50 – accordingly, the award of fees shall be reduced by $810.75.

      b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $7,220.05. Fees App. at 2. Of this amount, $4,700.00 is for the work of two different experts who reviewed the medical records, but did not file expert reports.

The first expert, Dr. Brett Morrison, performed 3.0 total hours of work for record review and discussing the case with Mr. Muller, and charged $500.00 per hour. Awarding $500.00 per hour for expert work has been rare in the Vaccine Program and has typically been awarded to experts who not only possess exemplary qualifications, but who have performed a substantial amount of work in Vaccine Program cases. *See Rosof v. Sec'y of Health & Human Servs.*, No. , 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017); *DiMatteo v. Sec'y of Health & Human Servs.*, No. 10-566V, 2014 WL 1509320, at *8 (Fed. Cl. Spec. Mstr. Mar. 27, 2014). However, Dr. Morrison no doubt has impressive credentials and I find that his services played an important role in helping this case eventually settle. I also find the overall amount billed for his services ($1,500.00) to be reasonable in light of the work performed on this case. Accordingly, I will award the total amount requested as compensation for Dr. Morrison.

The amount requested for Petitioner's other expert, Dr. John England, requires some adjustment. The records indicate Dr. England billed 4.0 hours for records review at a rate of $800.00 per hour. Fees App. Ex. B at 23. As previously discussed, $500.00 per hour is the upper limit for compensation for expert work in the Vaccine Program, and I find that the requested rate of $800.00 per hour is unreasonably high. Dr. England also possesses impressive credentials as a neurologist – thus I find it reasonable to compensate him for his work in this case at the same rate

3

as I have for Dr. Morrison. Accordingly, this results in a reduction of $1,200.00.[3]

I find the remainder of the costs to be reasonable. Petitioner has submitted adequate documentation for all requested costs, and they shall be awarded in full. Accordingly, Petitioner is entitled to a total award of attorney's costs in the amount of $6,020.05.

III.  **Conclusion**

In accordance with the foregoing, Petitioners' motion for supplemental attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorney's Fees Requested | $25,864.40 |
| Reductions to Fees | (-$912.75) |
| | |
| **Total Attorney's Fees Awarded** | **$24,951.65** |
| | |
| Attorney's Costs Requested | $7,220.05 |
| Reductions to Costs | (-$1,200.00) |
| | |
| **Total Attorney's Costs Awarded** | **$6,020.05** |
| | |
| **Total Amount Awarded** | **$30,971.70** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $30,971.70, representing reimbursement for Petitioner's attorney's fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Maximillian Muller, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[3] I note that I am most persuaded to compensate the work of Drs. Morrison and England at $500.00 per hour because the total dollar amount is reasonable for the total work performed. I reserve the right to re-examine these hourly rates in future cases in light of the work performed in that particular case.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).